OPINION
The instant appeal stems from a final judgment of the Trumbull County Court of Common Pleas. Appellant, Randall T.A. Gotham, seeks the reversal of the trial court's finding that he is a sexually oriented offender who is required to satisfy the registration requirements of R.C. Chapter 2950.
In October 1998, appellant entered a plea of guilty to three counts of gross sexual imposition, all of which were third-degree felonies under R.C. 2907.05(A)(4). After accepting the guilty plea, the trial court sentenced appellant to five years of community control, under which he would be subject to the general supervision and control of the county's adult probation department.
As part of the sentencing judgment, the trial court also found that appellant should be classified as a sexually oriented offender. This finding was consistent with the terms of the plea agreement appellant had signed prior to entering his guilty plea.
In now appealing from the sentencing judgment, appellant has raised one assignment of error for our consideration. Under this assignment, appellant submits that the sexual offender laws should not have been applied to him because R.C. Chapter 2950 is not constitutional. Specifically, he argues that the entire statutory scheme violates Section One, Article I of the Ohio Constitution.
As to this point, this court would note that we have previously had the opportunity to address this exact argument. InState v. Cremans (Oct. 29, 1999), Lake App. No. 97-L-215, unreported, we held that, in regard to a defendant who has been classified as a sexually oriented offender, the registration and verification requirements of R.C. Chapter 2950 are not so unduly oppressive as to constitute a violation of the defendant's natural law rights under Section One, Article I. In support of this holding, this court emphasized that the requirements applicable to a sexually oriented offender under the new laws were similar to the requirements under the old sexual offender laws, and that no aspects of the old requirements were ever declared unconstitutional during the twenty years in which they had been in effect.
Furthermore, we would indicate that, in State v. Williams
(2000), 88 Ohio St.3d 513, the Supreme Court of Ohio upheld the general constitutionality of R.C. Chapter 2950 as applied to any defendant who is classified as a sexual predator. Given that the requirements applicable to a sexual predator are more rigorous than those applicable to a sexually oriented offender, it follows that the latter requirements are likewise valid.
As the trial court did not err in applying R.C. Chapter 2950 to appellant, his sole assignment of error lacks merit. Thus, the judgment of the trial court is affirmed.
 __________________________ ROBERT A. NADER, Judge
FORD, P.J., O'NEILL, concur.